## CHARLES W. SHONK
### v.
## SHONK TIN PRINTING COMPANY.

*Injunctions—Injury to Business—Corporations.*

A manufacturing corporation which has ceased to do any business except to turn over to other manufacturers, for a commission, any orders it may receive, has no ground for restraining a former stockholder who is engaged

Shonk v. Shonk Tin Printing Co.

in the same business on his own account, from stating in his advertisements that the corporation is out of business, and can not restrain him from prosecuting his business.

[Opinion filed June 2, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Mr. EDWIN F. ABBOTT, for appellant.

Mr. HORACE F. WHITE, for appellee.

GARY P. J.   The appellant had been in the business of manufacturing metal signs, and for nine hundred shares of the stock of the appellee's company, transferred his plant, good will, patents and business secrets to the company, with covenants, among others, to use the secrets only in the business of the appellee, and reveal and explain them as the company might appoint.

From all the evidence, the secrets were, or are, so secret, or so valueless, that even Shonk can not use them, if they have any existence.   Shonk sold out his stock in the company; went back to his old place, and resumed business.

Shortly thereafter the company ceased to manufacture, and sold part of their plant to former employes, and for more than a year before filing this bill had done no business, except, if orders came to them, they turned them over to those former employes, and received a commission on them.

Shonk uses in his business a card and a letter head, that state that the company is out of business, and the letter head is quite historical in showing that he is the original Shonk; that he had given distinction to the name in the sign business. The company being in fact out of business, had no ground to stand upon in seeking to restrain Shonk from making signs by any process he pleased, or from stating the fact that they were out of business.

The bill did not allege that the company was in business, but by implication admitted that it was not, and if the occasional and uncertain commissions they received could be any

ground for relief, there is no allegation on the subject in the bill, nor any proof of any amount that would be sufficient to justify the interference of a court of equity. There is a total absence of any showing that this conduct, whatever its character, could be injurious to the company.

The decree, awarding an injunction and damages, is reversed, with directions to dismiss the bill with costs.

*Reversed and remanded.*